UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:01-CR-185-TS |
| | ) | |
| WILLIAM CLYDE HORSHAW | ) | |

**OPINION and ORDER**

After adjudicating the Defendant, William C. Horshaw, guilty upon his plea of guilty to two counts charging him with violating 21 U.S.C. § 843(b), use of a communication facility to distribute controlled substances, the Court sentenced him pursuant to 21 U.S.C. § 843(d) and the United States Sentencing Guidelines that were in effect on the date of his sentencing, May 19, 2005. The Defendant's total offense level was 31, and his criminal history category was III, resulting in an advisory guidelines range of 135 to 168 months for both counts. However, the term of imprisonment was changed to 92 months pursuant to U.S.S.G. § 5G1.2(d).

On March 17, 2008, the Defendant's court-appointed counsel filed a notice [DE 526] explaining that a reduction in the Defendant's sentence is not appropriate because the drugs involved in the criminal charges were marijuana and methamphetamines not crack cocaine, thus making the Defendant ineligible for a sentence reduction due to the amended crack cocaine guidelines. In conjunction with that Notice, the Defendant's attorney filed on the same date a motion to withdraw [DE 527] as court-appointed counsel, as directed by the Court's February 22, 2008, order [DE 513].

Pursuant to the Court's order, if counsel moves to withdraw, "[t]he Defendant then has 30 days to file a response, pro se, to counsel's notice and request to withdraw, and a pro se motion for reduction of sentence." (DE 513 at 2.) "The Court will then rule on counsel's request

to withdraw, and on any pro se motion that the Defendant filed." (*Id.*)

On April 14, 2008, the Defendant *pro se* filed a Motion for Modification of Term of Imprisonment [DE 533] pursuant to 18 U.S.C. § 3582(c)(2) and the amended crack cocaine guidelines.[1] The motion made a number of claims. Most relevant to this § 3582(c)(2) proceeding, the Defendant stated that his two criminal convictions did involve crack cocaine, thus making him eligible for the crack reduction. (Def. Mot. 4.) He cited to and included portions of the transcript of his change of plea hearing, where crack cocaine was discussed. (*Id.*) The Defendant also made a number of other arguments for a reduced sentence: the Presentence Report attributed too large an amount of drugs to the Defendant (presumably resulting in a higher offense level and perhaps a longer sentence than appropriate) (*id.* at 5); the disparity between his sentence and the sentences of other codefendants (*id.* at 8); and the Defendant's knee surgery and rehabilitation have lengthened his sentence or prevented him from getting a reduced sentence (*id.* at 9).

The Defendant's sentence on the two criminal counts was based on his involvement with methamphetamine and marijuana, not crack cocaine. The plea agreement states that the Defendant agrees that "the amount of drugs is at least 500 grams but less than 1.5 kilograms of methamphetamine and 60 pounds of marijuana." (Plea Agreement ¶ 9(h) at 3, DE 350.) The plea agreement does not refer to cocaine or crack cocaine. The PSR repeated that fact (PSR ¶ 8 at 4), and used only marijuana and methamphetamine to calculate the Defendant's base offense level (*id.* at ¶¶ 32–33 at 4). Even though the Court and counsel for the Defendant discussed crack

---

[1] On April 18, 2008, the Probation Office issued an addendum to the Presentence Report regarding the amended crack cocaine guidelines. The addendum stated that the Defendant was not eligible for the reduction because his "case involved methamphetamine and marijuana," which are not covered by the statute or amended guideline.

cocaine during the change of plea hearing, the Court adopted the PSR, including the description of the drugs involved, as its findings of fact at the sentencing hearing without objection from the Defendant. The sentence the Court imposed was based on those drugs, marijuana and methamphetamine, and not crack cocaine. Accordingly, the Defendant is not eligible for a reduction in sentence under the amended crack cocaine guidelines and § 3582(c)(2). *See, e.g.*, *United States v. Jackson*, No. 4:05CR3094, 2008 WL 1944219 (D. Neb. May 1, 2008); *United States v. Armenta-Lopez*, No. CR. 92-186-R, 2008 WL 1701695 (C.D. Cal. Apr. 7, 2008).

The Court also notes that even if the Defendant's offense level was reduced by 2 points to 29 under the amended crack cocaine guidelines, the amended guidelines range would be 108 to 135 months, and § 5G1.2(d) would once again make the final sentence 96 months.

The Defendant's other claims (contesting the amount of drugs attributed to him, the disparity between his sentence and sentences of codefendants, and his surgery lengthening his sentence) are not proper claims for a § 3582(c)(2) motion. A defendant must either bring such claims on direct appeal (for which the time has passed in this case), or by way of a motion to vacate pursuant to 28 U.S.C. § 2255.[2]

> A prisoner . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence.

§ 2255(a). If the Defendant wishes to pursue the latter and proceed with a habeas corpus

---

[2] For § 2255 motions, "[a] 1-year period of limitation shall apply." § 2255(f). While the Court does not now rule on whether the one-year limitation period has run, the Court does note that sentencing was held on May 19, 2005, and judgment was entered the same date.

petition,[3] the Court cautions him pursuant to *Castro v. United States*, 540 U.S. 375 (2003), because prisoners may only file a single collateral attack without the permission of a panel of the appropriate Circuit Court of Appeals. 28 U.S.C. § 2255(h).

In light of *Castro*'s instructions, 540 U.S. at 383, the Court notifies and cautions the Defendant as follows:

(1) The Court intends to recharacterize the remaining claims in this motion as a motion to vacate under § 2255;

(2) Such a recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions, specifically, that such motions require "a panel of the appropriate court of appeals" to certify that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2); and

(3) The Defendant has 45 days from the date of this order to (a) withdraw the remaining claims so that they are not recharacterized as a § 2255 motion, OR (b) to amend the pleading so that it contains all the § 2255 claims the Defendant believes he has.

---

[3] The Court warns the Defendant that if he does pursue a motion to vacate under 28 U.S.C. § 2255, the government would have a colorable claim that he violated his plea agreement. "I also agree not to contest my conviction and my sentence or the manner in which my conviction or sentence was determined or imposed . . . in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." (Plea Agreement ¶ 9(k) at 4, DE 350.) Such a violation can have serious consequences, such as a prosecutor reinstating dismissed charges or a defendant losing the benefit of the acceptance of responsibility guideline reduction for his offense level. *See Nunez v. United States*, 495 F.3d 544, 548 (7th Cir. 2007) ("When a defendant violates a plea agreement by appealing despite a promise not to do so, the prosecutor may withdraw concessions made as part of the bargain.").

**CONCLUSION AND ORDER**

For the foregoing reasons, the Defendant's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense [DE 533] is DENIED; and the Motion to Withdraw as Court Appointed Counsel [DE 527] is GRANTED, and attorney Thomas N. O'Malley is allowed to withdraw as attorney of record in this cause of action.

SO ORDERED on May 30, 2008.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION